IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LOGAN BAUER, individually and behalf of all others similarly situated., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. _____ |
| AGA SERVICE COMPANY, D/B/A ALLIANZ GLOBAL ASSISTANCE, <br>   *Serve: CSC-Lawyers Incorporating* <br>       *Service Company, Reg. Agent* <br>       *221 Bolivar Street* <br>       *Jefferson City, MO 65101* | ) ) ) ) ) ) ) ) | |
| and | ) ) | |
| JEFFERSON INSURANCE COMPANY, <br>   *Serve: c/o Director of Insurance* <br>       *Missouri Division of Insurance* <br>       *301 W. High Street, Room 530* <br>       *Jefferson City, Missouri 65101* | ) ) ) ) ) ) | |
| Defendants. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Logan Bauer ("Bauer"), individually and behalf of all others similarly situated, for his causes of action against Defendants AGA Service Company d/b/a Allianz Global Assistance ("AGA") and Jefferson Insurance Company ("Jefferson") (collectively, "Defendants"), states:

**PARTIES**

1. Bauer is a resident and citizen of the State of Missouri who resides in Springfield, Missouri.

1

WA 14739502.1

Case 6:20-cv-03138-MDH   Document 1   Filed 05/07/20   Page 1 of 12

2. Upon information and belief, AGA is a foreign corporation incorporated under the laws of the State of Virginia with its principal place of business located at 9950 Maryland Drive, Richmond, VA 23233, and is registered to do business in the State of Missouri, having appointed CSC-Lawyers Incorporating Service Company, 221, Bolivar Street, Jefferson City, MO 65101, as its registered agent for service of process.

3. Upon information and belief, Jefferson is foreign insurance company incorporated under the laws of the State of New York with its principal place of business located at 9950 Maryland Drive, Richmond, VA 23233, and is registered with the Missouri Division of Insurance, such that it may be served with process through the office of the Director of Insurance through the State of Missouri pursuant to Mo. Rev. Stat. § 375.906.

## GENERAL ALLEGATIONS

4. Bauer's individual claims in this action arise from a transaction or series of transactions between Bauer and Defendants in the State of Missouri, and the making of an insurance contract by Defendants to insure Bauer within the State of Missouri.

5. On or about January 29, 2020, Defendants, in exchange for the payment of a premium, issued Bauer and his travel companions two insurance policies, identified as Policy No. EUSP2160940079 (insuring against certain losses, including the cancellation of booked travel from Springfield, Missouri, to Miami, Florida), and Policy No. EUSP216095953 (insuring against certain losses, including the cancellation of booked travel from Miami, Florida, to Springfield, Missouri).

6. AGA is the licensed producer and administrator of the policies, and is an agent of Jefferson Insurance Company.

7. The policies provide for a maximum benefit of $300.00 and $318.20, respectively, to Bauer in the event such trips are cancelled for any covered reason.

8. The policies each provide, *inter alia*, that: "if your trip is canceled or rescheduled for a covered reason listed below, we will reimburse you for your non-refundable trip payments, deposits, cancellations fees, and change fees (less available refunds), up to the maximum benefit for Trip Cancellation Coverage."

9. As relevant here, the policies provide coverage in the event the traveler or a traveling companion is quarantined.

10. The policies define quarantine as "mandatory confinement, intended to stop the spread of a contagious disease to which you or a traveling companion may have been exposed."

11. On March 24, 2020, and in an attempt to stop or slow the spread of COVID-19, Ken McClure, the Mayor of the City of Springfield, Missouri issued a proclamation declaring a state of civil emergency, stating that the continued spread of COVID-19 presents an imminent threat of widespread illness and threat to public health, and issued a "Stay at Home Order" directing Springfield residents to cease all non-essential activities, including non-essential travel (the "City Quarantine Order").

12. The City Quarantine Order specifically provided: "Individuals may only leave their residences or place of rest only to perform "Essential Activities as defined herein or to provide any services or perform any work necessary to the operations and maintenance of Essential Business, Minimum Basic Operations, or other enumerated exempted categories as prescribed by City Order or other prevailing law."

13. On or about March 24, 2020 and in an attempt to stop or slow the spread of COVID-19, Greene County, Missouri issued a similar "Stay at Home" order directing Greene County

residents to cease all non-essential activities, including non-essential travel (the "County Quarantine Order").

14. Both the City Quarantine Order and County Quarantine Order were effective on and through April 10, 2020.

15. On or about April 3, 2020 and in an attempt to stop or slow the spread of COVID-19, the Missouri Governor, Mike Parson, issued a statewide "Stay Home Missouri" Order effective beginning at 12:01 a.m. on Monday, April 6, 2020 until 11:59 p.m., on Friday, April 24, 2020 directing Missouri residents to "avoid leaving their homes or places of residence." (the "Statewide Quarantine Order").

16. The governments of forty-two (42) other states issued statewide "Stay at Home" orders containing restrictions similar to the Statewide Quarantine Order, including the States of Alabama (beginning April 2, 2020), Alaska (March 28, 2020), Arizona (March 31, 2020), California (March 19, 2020), Colorado (March 26, 2020), Connecticut (March 23, 2020), Delaware (March 24, 2020), Florida (April 3, 2020), Georgia (April 3, 2020), Hawaii (March 25, 2020), Idaho (March 25, 2020), Illinois (March 21, 2020), Indiana (March 24, 2020), Kansas (March 30, 2020), Kentucky (March 25, 2020), Louisiana (March 23, 2020), Maine (April 2, 2020), Maryland (March 30, 2020), Massachusetts (March 24, 2020), Michigan (March 24, 2020), Minnesota (March 27, 2020), Mississippi (April 23, 2020), Montana (March 28, 2020), Nevada (April 1, 2020), New Hampshire (March 27, 2020), New Jersey (March 21, 2020), New Mexico (March 23, 2020), New York (March 22, 2020), North Carolina (March 30, 2020), Ohio (March 23, 2020), Oklahoma (March 24, 2020), Oregon (March 23, 2020), Pennsylvania (April 1, 2020), Rhode Island (March 28, 2020), South Carolina (April 7, 2020), Tennessee (March 31, 2020), Texas (April 2, 2020), Vermont (March 25, 2020), Virginia (March 30, 2020), Washington (March

23, 2020), West Virginia (March 24, 2020), and Wisconsin (March 25, 2020), as well as the District of Columbia (April 1, 2020).

17. The City Quarantine Order, County Quarantine Order, Statewide Quarantine Order, and various other state and local quarantine orders issued around the county mandating Bauer, and those similarly situated to Bauer, to confine himself/themselves to his/their home to stop the spread of a contagious disease to which he/they may have been exposed constitute "quarantines" under the policy(ies), and Bauer's, and those similarly situated to Bauer, forced cancellation of his/their trips is a covered reason for cancellation entitling him/them to payment under the policy(ies).

18. Bauer has sought coverage for his loss under the policies from AGA and/or Jefferson.

19. Defendants have denied one of Bauer's claims and, on information and belief, either have denied or certainly will deny the second claim on the same grounds (because the same policy provisions, the same underlying facts and right to payment, and the same bases for payment and/or refusal are present), and have, therefore, refused to perform their obligations under the policies.

20. Defendants have asserted (or certainly will assert) that Bauer's cancellation of the trip due to the City Quarantine Order, County Quarantine Order, and Statewide Quarantine order are not covered under the policy(ies) because (a) the policy(ies) exclude "coverage for losses due to an epidemic, (b) the policy(ies) do not provide coverage "for losses due to an event that was known, foreseeable, intended, or expected", (c) the policy(ies) provide "trip cancellation benefits for very specific reasons" and "the Coronavirus is not included among those reasons," (d) the policy(ies) exclude losses resulting from "war (declared or undeclared, acts of war, military duty,

5

civil disorder or unrest," (e) the policy(ies) exclude losses resulting from "travel bulletins or alerts," and (f) the policy(ies) exclude losses resulting from "government prohibitions or regulations."

21. Each of the asserted bases for denial of Bauer's claims is without merit, and are unreasonable, without good cause, and made in bad faith.

22. Defendants' failure to perform their obligations under the policy(ies) is without reasonable cause or excuse, as the claim represents a clearly-covered loss, and no exclusions to the policies apply.

### CLASS ACTION ALLEGATIONS

23. Bauer brings this action, including all counts alleged herein, individually and on behalf of all others similarly situated, pursuant to Rules 23(a), 23(b)(2), 23(b)(3), and 23(c)(4), of the Federal Rules of Civil Procedure.

24. Bauer seeks to represent a nationwide class of individuals to whom Jefferson and/or AGA issued an insurance policy or policies providing trip cancellation coverage who sustained loss as a result of the cancellation of their trip due to a stay-at-home mandate or quarantine order issued by governmental authority to stop the spread of COVID-19, and who have not received payment by Jefferson and/or AGA in connection with such loss.

25. On information and belief, the policies issued to Bauer are the same or substantially similar to the policy(ies) issued by Jefferson and/or AGA to each person included within the class across the country, with only minimal, non-relevant, alterations between the various policies or policy forms.

26. On information and belief, Jefferson and/or AGA have refused to perform its/their obligations to Bauer, and each member of the class, on the bases that the policy(ies) purportedly

6

WA 14739502.1
Case 6:20-cv-03138-MDH   Document 1   Filed 05/07/20   Page 6 of 12

do not provide coverage for (a) an event that was known, foreseeable, intended, or expected when the plan was purchase, (b) war (declared or undeclared), acts of war, military duty, civil disorder or unrest, (c) travel bulletins or alerts, and/or (d) government prohibitions or regulations.

27. This action involves common questions of law and fact, which predominate over any questions affecting only individual class members, including, for example but without limitation:

  A. The meaning and interpretation of the terms of the relevant policy provisions, including the term "quarantine";

  B. Whether a stay-at-home mandate or order issued by governmental authority to stop the spread of COVID-19 constitutes "quarantine" under the terms of the policy(ies);

  C. The date upon which quarantine due to COVID-19 was foreseeable, intended, or expected;

  D. Whether the policy(ies) exclusion for loss that results from "[a]n epidemic" "if [it] affect[s] you," operates to exclude from coverage loss sustained by mandatory confinement intended to stop the spread of a contagious diseases to which an insured may have been exposed;

  E. Whether Defendants' assertion that no coverage exists for losses due to an event that was known, foreseeable, intended, or expected, is, in the context of COVID-19 stay-at-home orders, valid, invalid, and/or unreasonable and without good cause;

  F. Whether Defendant assertions that no coverage exists for losses due to "war (declared or undeclared), acts of war, military duty, civil disorder or unrest," is, in the context of COVID-19 stay-at-home orders, valid, invalid, and/or unreasonable and without good cause;

WA 14739502.1

G. Whether Defendants' assertion that no coverage exists for losses due to "travel bulletins or alerts," is, in the context of COVID-19 stay-at-home orders, valid, invalid, and/or unreasonable and without good cause;

H. Whether Defendants' assertion that no coverage exists for losses due to "government prohibitions or regulations," is, in the context of COVID-19 stay-at-home order, valid, invalid, and/or unreasonable and without good cause; and

I. Whether the relevant provisions of the insurance policy(ies) are ambiguous.

28. Excluded from the defined class are Defendants and any of their affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities; Spencer Fane LLP and any of its partners, associates, or employees; and the Court staff assigned to this case and their immediate family members. Bauer reserves the right to modify or amend the class definition, as appropriate, during this litigation.

29. This action has been brought and may properly be maintained on behalf of the defined class under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

### COUNT I – BREACH OF CONTRACT

30. Bauer hereby incorporates the allegations contained in each and every preceding paragraph of his Complaint as though set forth fully herein.

31. Bauer, and each member of the class, has performed all of his obligations under the policy(ies) by paying premiums prior to issuance of the applicable policy(ies).

32. Defendants have failed to perform its/their obligations to Bauer, and each member of the class, under the applicable policy(ies).

33. Bauer, and each member of the class, has sustained damage as a direct and proximate result of AGA and/or Jefferson's failure to perform its/their obligations under the applicable policy(ies).

### COUNT II – VEXATIOUS/BAD FAITH REFUSAL

34. Bauer hereby incorporates the allegations contained in each and every preceding paragraph of his Complaint as though set forth fully herein.

35. The policy(ies) are each a policy of insurance, and not an automobile liability insurance policy.

36. Defendants' failure to pay Bauer's claim is without reasonable cause or excuse, and its failure to pay the claim is plainly inconsistent with the express language of the policy(ies).

### COUNT III – DECLARATORY JUDGMENT

37. Bauer hereby incorporates the allegations contained in each and every preceding paragraph of his Complaint as though set forth fully herein.

38. The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, allows the Court to declare the rights and other legal relations of the parties to this dispute.

39. There exists a real and substantial controversy between the parties concerning: (a) the meaning and interpretation of the terms of the relevant policy provisions, including the term "quarantine"; (b) whether a stay-at-home mandate or order issued by governmental authority to stop the spread of COVID-19 constitutes "quarantine" under the terms of the policy(ies); (c) the date upon which quarantine due to COVID-19 was foreseeable, intended, or expected; (d) whether the policy(ies) exclusion for loss that results from "[a]n epidemic" "if [it] affect[s] you," operates to exclude from coverage loss sustained by mandatory confinement intended to stop the spread of a contagious diseases to which an insured may have been exposed; (e) whether Defendants'

9

WA 14739502.1
Case 6:20-cv-03138-MDH   Document 1   Filed 05/07/20   Page 9 of 12

assertion that no coverage exists for losses due to an event that was known, foreseeable, intended, or expected, is, in the context of COVID-29 stay-at-home orders, valid, valid, and/or unreasonable and without good cause; (f) whether Defendant assertions that no coverage exists for losses due to "war (declared or undeclared), acts of war, military duty, civil disorder or unrest," is, in the context of COVID-19 stay-at-home orders, valid, invalid, and/or unreasonable and without good cause; (g) whether Defendants' assertion that no coverage exists for losses due to "travel bulletins or alerts," is, in the context of COVID-19 stay-at-home orders, valid, invalid, and/or unreasonable and without good cause; (h) whether Defendants' assertion that no coverage exists for losses due to "government prohibitions or regulations," is, in the context of COVID-19 stay-at-home order, valid, invalid, and/or unreasonable and without good cause; and (i) whether the relevant provisions of the insurance policy(ies) are ambiguous; (j) whether coverage is, in fact, provided for COVID-19 stay-at-home orders under the terms of the insurance policy(ies); (k) whether coverage for COVID-19 stay-at-home orders that resulted in the cancellation of trips covered by the policy(ies) exists under the policy(ies); (l) whether insureds are entitled to payment from Defendants for losses sustained as a result of the cancellation of trips covered by the policy(ies) due to COVID-19 stay-at-home orders; and (m) whether Defendants' denial of coverage was in good faith, reasonable, or supported by good cause.

40. Bauer's legally protectable interests, and those of the class, are adverse to those of Defendants.

41. The controversy is ripe for judicial determination, and there is sufficient immediacy and reality of the dispute to warrant the issuance of declaratory judgment.

### REQUESTED RELIEF

WA 14739502.1

WHEREFORE, Plaintiff Logan Bauer, individually an on behalf of all other class members, respectfully requests that the Court enter judgment in their favor and against Defendants as follows:

A. That the Court enter its order certifying the class, appointing Plaintiff as class representative, appointing Bauer's counsel as class counsel, and directing that reasonable notice of this action, as provided by Federal Rule of Civil Procedure 23(c)(2), be given to the class;

B. For a judgment against Defendants for the causes of action alleged against them;

C. For compensatory damages in an amount to be proven at trial;

D. For a declaration resolving each issue presented in paragraph 39 in favor of Bauer and class, and construing and interpreting the coverage and asserted exclusion provisions of the policy(ies) in the context of the COVID-19 stay-at-home order, and that the policy(ies) provide coverage for trips cancelled as a result of the mandatory confinement caused thereby;

E. For prejudgment and post-judgment interest at the maximum rate permitted by law;

F. For Bauer's attorney fees, and those of the class;

G. For Bauer's costs, and those of the class, herein incurred; and

H. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, and Local Rule 38.1, Plaintiff Logan Bauer hereby demands a trial by jury on all issues so triable.

*Respectfully submitted,*

    /s/    *Jason C. Smith*
Jason C. Smith          Mo. Bar No. 57657
Derek A. Ankrom       Mo. Bar No. 63689
**SPENCER FANE LLP**
2144 E. Republic Road, Ste. B300
Springfield, Missouri 65804
Telephone: 417-888-1000
Facsimile: 417-881-8035
jcsmith@spencerfane.com
dankrom@spencerfane.com

*Attorneys for Plaintiff*